IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| STATE OF HAWAIʻI, et al,<br>Plaintiffs-Appellees,<br><br>v.<br><br>DONALD TRUMP, et al.,<br>Defendants-Appellants. | No. 17-15589 |

**CONSENT MOTION TO EXPEDITE CONSIDERATION OF A MOTION TO STAY, TO EXPEDITE APPEAL, AND TO SET BRIEFING DEADLINES**

Pursuant to 28 U.S.C. § 1657(a), FRAP 27 and 31(a)(2), and Circuit Rule 27-12, defendants-appellants (collectively, the government) respectfully move for expedited consideration of a motion for a stay, and expedited briefing and hearing of the merits of appeal, from the district court's preliminary injunction. The order on appeal enjoins enforcement of key provisions of an Executive Order, which presents an issue of national significance; courts addressing both this and an earlier Executive Order have significantly expedited their consideration of cases such as this. The government respectfully asks this Court to enter a schedule to allow prompt,

coordinated consideration of both (1) the government's appeal from the preliminary injunction entered by the district court on March 29, 2017, and (2) the government's forthcoming motion for a stay of that injunction pending appeal.

The reasons supporting expedition are set forth below, along with a proposed schedule for briefing. For the same reasons, oral argument on the appeal is appropriate, and the government is prepared to present argument as soon as practicable following expedited briefing. Pursuant to this Court's Rule 27-12, a transcript of the district court hearing is being prepared. Counsel for plaintiffs-appellees have been notified of the government's intent to file this motion, and have informed us that they consent to the schedule proposed in this motion.

**1.** This case concerns plaintiffs' challenge to Executive Order No. 13,780, issued by the President on March 6, 2017, titled "Protecting the Nation from Foreign Terrorist Entry Into the United States." See 82 Fed. Reg. 13209 (Mar. 9, 2017) ("Order"). Following highly expedited briefing and a hearing, the district court granted plaintiffs a temporary restraining order

on March 15, 2017, enjoining sections 2 and 6 of the Order on a nationwide basis. On March 17, the government filed a motion for clarification, which the district court summarily denied on March 19.

The parties subsequently stipulated to an expedited briefing schedule on plaintiffs' motion to convert the temporary restraining order into a preliminary injunction. Plaintiffs filed their brief on March 21, the government filed its response on March 24, and plaintiffs filed their reply on March 25. The district court heard argument on the motion on March 29. That same day, the district court entered a preliminary injunction and also denied a stay of its injunction pending appeal. The district court's preliminary injunction, which operates nationwide, prohibits the government from enforcing sections 2 and 6 of the Order.

**2.** The government filed a notice of appeal from the district court's injunction on March 30, 2017.

**3.** This appeal from a preliminary injunction should be expedited to permit this Court's full review as soon as possible, with the benefit of full briefing by the parties. "[U]nder 28 U.S.C. § 1657(a) the granting or denying

of a preliminary injunction is the basis for an expedited appeal." *American Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1084 n.8 (D.C. Cir. 2001). Moreover, this case presents constitutional and statutory issues of nationwide significance. The district court here enjoined the President and government agencies from enforcing key provisions of the Order, which are designed to protect national security, an interest that this Court has recognized as paramount. See, *e.g.*, *AFGE Local 1533 v. Cheney*, 944 F.2d 503, 508 (9th Cir. 1991) (recognizing a "compelling interest in protecting the security of our nation").

Recognizing the need for prompt consideration of the issues presented, courts adjudicating challenges to the Order, and to an earlier Executive Order, No. 13,769 (the "Revoked Order"), have expedited their review of those cases. For example, the district court in this case granted plaintiffs' motion for a temporary restraining order of two sections of the Order following briefing and a hearing conducted in seven days; and considered plaintiffs' motion to convert that order to a preliminary injunction under a briefing and hearing schedule that was completed over

nine days. *Hawaii v. Trump*, 2017 WL 1011673 (Mar. 15, 2017); *see* D. Haw. Civ. No. 17-00050 DKW-KSC (Orders Mar. 8 & Mar. 20, 2017). Similarly, a district court in Maryland considered the parties' briefs and argument addressing the motion for injunctive relief over the course of five days (including a weekend). See *Int'l Refugee Assistance Project, Inc. v. Trump*, D. Md. No. 8:17-cv-00361-TDC, DN 86. And the Fourth Circuit issued an expedited briefing schedule governing the appeal and request for a stay of the preliminary injunction entered in that case. *See Int'l Refugee Assistance Project, Inc. v. Trump*, 4th Cir. 17-1351 (Order of Mar. 23, 2017) (briefing on stay motion to be completed on April 5; briefing on the merits of the preliminary injunction to be completed on April 21; and oral argument scheduled for May 8). Likewise, a district court in Washington entered a nationwide injunction concerning the Revoked Order after briefing and hearing conducted over four days. See *Washington v. Trump*, 2017 WL 462040 (W.D. Wash. Feb. 3, 2017). This Court considered a stay pending appeal in that case after ordering briefing and argument conducted over three days.

*Washington v. Trump*, 847 F.3d 1151 (9th Cir. 2017), *reh'g en banc denied*, 2017 WL 992527 (Mar. 15, 2017).

Courts of appeals considering similar cases involving constitutional and national security questions of this significance have similarly ordered expedited briefing and argument. For example, the D.C. Circuit ordered expedited briefing of the merits, completed in 18 days after the court's order, in *Kiyemba v. Obama*, 555 F.3d 1022 (2009), *vacated*, 130 S. Ct. 1235 (2010). *See* D.C. Cir. No. 08-5424 (Order Oct. 20, 2008). Similarly, that court ordered merits briefing over a 36-day period in *Munaf v. Geren*, 482 F.3d 582 (D.C. Cir. 2007, *vacated* 553 U.S. 674 (2008). *See* D.C. Cir. No. 06-5324 (Order Dec. 1, 2006). And the Sixth Circuit ordered expedited briefing to be completed within 27 days in *Detroit Free Press v. Ashcroft*, 303 F.3d 681 (6th Cir. 2002). *See* 6th Cir. No. 02-1437 (Order April 10, 2002). The Supreme Court has likewise expedited briefing in such cases. See, *e.g.*, *Dames & Moore v. Regan*, 453 U.S. 654, 660 (1981) (noting expedited briefing and argument schedule).

**4.** The government also intends to seek a stay of the district court's injunction pending appeal, and the government believes that the Court

would be best served by having full briefing on the merits of the underlying appeal before ruling on that motion. The parties presented full briefs and argument to the district court in this case on an even more expedited schedule, as explained above, at the urging of plaintiffs. *See* D. Haw. Civ. No. 17-00050 DKW-KSC (DN 57, DN 60). The district court authorized the parties to file overlength briefs, so that it would have the benefit of full briefing before adjudicating the plaintiffs' motion for a temporary restraining order. *See* D. Haw. Civ. No. 17-00050 DKW-KSC (DN 60) (authorizing parties to file briefs of up to 12,000 words).

The government believes that this Court would also benefit from receiving briefing on both the government's motion for a stay pending appeal and the merits. Because the government is prepared to file its appellate brief on a highly expedited basis, it is not necessary under the circumstances for briefing on the two matters to proceed separately. We urge this Court to enter a schedule that would allow full briefing of the issues on an appropriately expedited schedule.

**5.** The government proposes the following schedule:

- April 7, 2017: the government files its opening merits brief and its motion for stay pending appeal;
- April 21, 2017: Plaintiffs-Appellees file their response merits brief and their response to the government's stay motion;
- April 28, 2017: the government files its reply merits brief and its reply in support of its stay motion;
- Oral argument before the Court is scheduled as soon as practicable after the completion of briefing.[1]

[1] Counsel for the government who will be presenting oral argument in this case, Jeffrey Wall, will be presenting oral argument in *International Refugee Assistance Project v. Trump*, No. 17-1351 (4th Cir.), on May 8, 2017, at 1:00 p.m. Eastern Standard Time, and respectfully requests that oral argument in this appeal not be scheduled for May 8 or May 9. Counsel for the plaintiffs who will be presenting oral argument, Neal Katyal, is arguing *Town of Chester v. Laroe Estates, Inc.*, No. 16-605 (U.S. S. Ct.) on April 17, *Bristol-Myers Squibb Co. v. Superior Court of* California, No. 16-466 (U.S. S. Ct.) on April 25, *Gingras v. Rosette*, No. 16-2019 (2nd Cir.) on May 12, and *Veleron v. Morgan Stanley et al*, 15-4092 (2nd Cir.) on May 25. Counsel for plaintiffs has therefore asked the government to relay that he respectfully requests that oral argument in this appeal not be scheduled before May 5, and because he must travel to New York City for the Second Circuit arguments, he also respectfully requests that it not be scheduled on a date between May 10 and May 12 or May 24 and May 25.

**6.** The government also asks that the due date for any amicus briefs would be the same date that the parties' principal briefs are due, *i.e.*, April 7 for amicus briefs in support of the government; and April 21 for amicus briefs in support of plaintiffs.

**7.** Government counsel contacted plaintiffs' counsel on March 30 2017. Counsel for plaintiffs, Neal Katyal, indicated that they consent to the proposed schedule for stay and merits briefing.

## CONCLUSION

For the foregoing reasons, this Court should issue an expedited schedule for briefing the merits of the appeal and for briefing the government's motion for stay pending appeal.

Respectfully submitted,

/s/ Sharon Swingle

SHARON SWINGLE
(202) 353-2689
Attorney, Appellate Staff
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 7520
Washington, D.C. 20530

MARCH 2017

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2017, I electronically filed the foregoing motion for expedited briefing schedule by using the appellate CM/ECF system.

I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Sharon Swingle
Sharon Swingle

## CERTIFICATE OF COMPLIANCE

Pursuant to FRAP 32(g)(1), I hereby certify that the foregoing corrected motion complies with the type-volume limitation in FRAP 27(d)(2)(A). According to Microsoft Word, the motion contains 1,605 words and has been prepared in a proportionally spaced typeface using Palatino Linotype in 14 point size.

/s/ Sharon Swingle
Sharon Swingle