**U.S. Department of Justice**

Office of the Solicitor General

---

*Washington, D.C. 20530*

May 18, 2017

By CM/ECF

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *State of Hawaii* v. *Trump*, No. 17-15589

Dear Ms. Dwyer:

At oral argument in this case, plaintiffs' counsel stated that the government's merits reply brief miscites *Abourezk* v. *Reagan*, 785 F.2d 1043 (D.C. Cir. 1986) (R.B. Ginsburg, J.), *aff'd by equally divided Court*, 484 U.S. 1 (1987), for the proposition that 8 U.S.C. § 1182(f) is a "sweeping delegation" to the Executive Branch. See Oral Arg. at 48:24-48:58, https://www.ca9.uscourts.gov/media/view_video.php?pk_vid=0000011579. That statement is not correct. The government's reply brief accurately quotes then-Judge Ginsburg's opinion for that proposition: "[T]he President may use his 'sweeping proclamation power' under Section 1182(f) to suspend entry of aliens for reasons that overlap with Section 1182(a)'s grounds of inadmissibility." Reply Br. 24 (quoting *Abourezk*, 785 F.2d at 1049 n.2); see *Abourezk*, 785 F.2d at 1049 n.2 ("[The President] may act pursuant to section 1182(f) to suspend or restrict 'the entry of any aliens or any class of aliens' whose presence here he finds 'would be detrimental to the best interests of the United States.' The President's sweeping proclamation power thus provides a safeguard against the danger posed by any particular case or class of cases that is not covered by one of the categories in section 1182(a).").

Three pages earlier in the reply brief, in addressing plaintiffs' argument that Section 1182(f) should be construed narrowly to avoid an unconstitutional delegation of legislative power, we also attributed to Judge Ginsburg's opinion in *Abourezk* the statement that, "in its delegations of power in the area of foreign relations, Congress 'must of necessity paint with a brush broader than that it customarily wields in domestic areas.'" Reply Br. 21. In fact, that statement appeared in Judge Bork's *Abourezk* dissent, 785 F.2d at 1063, which in turn was quoting the Supreme Court's opinion in *Zemel* v. *Rusk*, 381 U.S. 1, 17 (1965). In light of *Zemel*, the misattribution does not affect the substance of our argument, but we regret and apologize for the error.

Please distribute this letter to the panel of judges that heard argument in this case on May 15, 2017.

Respectfully submitted,

/s/ Jeffrey B. Wall

Jeffrey B. Wall
Acting Solicitor General

cc: Counsel of Record (via CM/ECF)

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2017, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ Sharon Swingle
Sharon Swingle