No. 17-15589

IN THE

# United States Court of Appeals for the Ninth Circuit

STATE OF HAWAII, *et al.*,

*Plaintiffs-Appellees*,

v.

DONALD J. TRUMP, *et al.*,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the District of Hawaii, No. 1:17-cv-00050-DKW-KSC
District Judge Derrick K. Watson

**PLAINTIFFS-APPELLEES' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**

Pursuant to Federal Rule of Appellate Procedure 10(e), Federal Rule of Evidence 201, and this Court's inherent powers, Plaintiffs-Appellees move to supplement the record to include the attached declaration by Risa E. Dickson, Vice President for Academic Planning and Policy at the University of Hawaii System, updating the facts relevant to the State of Hawaii's claim that it has Article III standing based on the harm to the University of Hawaii. We have conferred with defendants regarding this motion. The government defendants do not oppose the plaintiffs' supplementing of the record with this material. The government defendants do intend to file a response to the motion, addressing the relevance of

the material to the issues before the Court.

Federal Rule of Appellate Procedure 10(e)(2) permits supplementation of the record on appeal where a material fact has been "omitted." In addition, a federal court of appeals may, and sometimes must, exercise its inherent equitable authority to supplement the record with facts relevant to the courts' subject matter jurisdiction. *See, e.g.*, *Johnson* v. *Rancho Santiago Comm. Coll. Dist.*, 623 F.3d 1011, 1020 n.3 (9th Cir. 2010) ("[W]e exercise our discretion to supplement the record on appeal so that we may determine whether we have jurisdiction . . . ."); *Lowry* v. *Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) ("[C]onsideration of new facts may even be mandatory, for example, when developments render a controversy moot and thus divest us of jurisdiction." (citation omitted)). In related contexts, the Supreme Court has also emphasized that it is important to supplement the record with facts relevant to jurisdiction when they arise. *See Pennell* v. *City of San Jose*, 485 U.S. 1, 8 (1988) ("We strongly suggest that * * * parties litigating in the Court * * * take pains to supplement the record in any manner necessary to enable us to address with as much precision as possible any question of standing that may be raised." ).

In granting the preliminary injunction, the District Court held that the State of Hawaii had standing in part because it had "sufficiently identified monetary and intangible injuries to the University of Hawaii." Preliminary Injunction Op. at 9

(Dist. Ct. Doc. 270). In its earlier opinion, granting the temporary restraining order ("TRO"), the District Court specifically pointed to the fact that "prospective recruits who are without visas * * * will not be able to travel to Hawaii to attend the University" and "[a]s a result, the University will not be able to collect the tuition that those students would have paid." TRO Op. at 18 (Dist. Ct. Doc. 219). The District Court's decisions relied primarily on the Declaration and Supplemental Declaration of Risa Dickson. Plaintiffs seek to update those declarations so that they accurately reflect the current facts regarding the University's recruitment efforts.

In her Supplemental Declaration, Ms. Dickson stated that "[g]iven the new Executive Order, the University's ability to recruit and enroll students and graduate students, and recruit and hire visiting faculty from the six affected countries, is constrained." E.R. 121 (Supp. Dickson Decl. ¶ 7). Because the District Court litigation was taking place in the middle of admissions season and because of concerns regarding academic privacy, Ms. Dickson was not able to disclose particular numbers at that time. But, as the attached Second Supplemental Declaration of Risa E. Dickson explains, the University can now confirm that—as of May 12—at least three students from the six targeted countries have accepted offers of admission to the University of Hawaii for the coming academic year. Two of those students are required to report to the University at dates between

August 1 and August 10. Because August 10 is less than 90 days away, if the Order goes into effect anytime between now and August 10, it will impede the ability of these students to get the visas they will need to begin classes.

In addition, there are still at least eleven outstanding offers of admission to students in the six targeted countries. Under University policy, those students must make an enrollment decision within thirty days of receiving their offer, unless their respective graduate programs extend that deadline.

Because the impact on the University's admissions was directly relevant to the District Court's holding that there was standing, Plaintiffs-Appellees respectfully request that the Court of Appeals supplement the record to include these, and the other facts, contained in the attached Second Supplemental Declaration of Risa E. Dickson.

Respectfully submitted,

/s/ Neal Kumar Katyal

DOUGLAS S. CHIN
Attorney General of the State of Hawaii
CLYDE J. WADSWORTH
Solicitor General of the State of Hawaii
DEIRDRE MARIE-IHA
DONNA H. KALAMA
KIMBERLY T. GUIDRY
ROBERT T. NAKATSUJI
Deputy Attorneys General
DEPARTMENT OF THE ATTORNEY GENERAL, STATE OF HAWAII
425 Queen Street
Honolulu, HI 96813

NEAL K. KATYAL
COLLEEN ROH SINZDAK
MITCHELL P. REICH
ELIZABETH HAGERTY
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Email: neal.katyal@hoganlovells.com

THOMAS P. SCHMIDT
HOGAN LOVELLS US LLP
875 Third Avenue

Telephone: (808) 586-1500

*Counsel for the State of Hawaii*

New York, NY 10022

SARA SOLOW
ALEXANDER B. BOWERMAN
HOGAN LOVELLS US LLP
1835 Market St., 29th Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on May 19, 2017. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Neal Kumar Katyal
Neal Kumar Katyal