Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004

Neal Kumar Katyal
Partner
T +1 202 637 5600
F +1 202 637 5910
Neal.Katyal@hoganlovells.com

May 19, 2017

**BY ELECTRONIC SERVICE**

Molly Dwyer, Clerk of the Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box. 193939
San Francisco, CA 94119-3939

Re: *Hawaii* v. *Trump*, No. 17-15589

Dear Ms. Dwyer,

The Government's May 18 letter mischaracterizes both Plaintiffs' argument and the law. At oral argument, Plaintiffs' counsel explained that when invoking his authority under 8 U.S.C. § 1182(f), "the President has to implement Congress's will, that it can't be an unbounded delegation"; although the Government suggested "at page 21" of its brief that "the President can have such a sweeping delegation," counsel explained, this argument "derives its strength" from a passage of Judge Bork's *dissent* in *Abourezk* v. *Reagan*, 785 F.2d 1043 (D.C. Cir. 1986), that the Government misattributed to then-Judge Ruth Bader Ginsburg's majority opinion. Oral Arg. at 47:55-49:00; *see* Reply Br. 21. After claiming—despite the explicit citation to "page 21"—that Plaintiffs' counsel was referring to a separate section of the Government's brief, the Government ultimately admits the error.

The Government nonetheless claims that both the *Abourezk* majority and *Zemel* v. *Rusk*, 381 U.S. 1 (1965), sanctioned limitless delegations of the immigration power to the President. Not so. In *Abourezk*, then-Judge Ginsburg explained that the President could use section 1182(f) to address a "class of cases that is *not* covered by one of the categories in section 1182(a)"—not, as the balance of the opinion makes clear, to "evade the limitations" those provisions contain. 785 F.2d at 1049 n.2, 1057 (emphasis added). Likewise, *Zemel* held that the fact that "a statute deals with foreign relations" does "*not* mean that * * * it can grant the Executive totally unrestricted freedom of choice." 381 U.S. at 17 (emphasis added). Indeed, the Court went on to hold that the passport statute at issue in that case did not "constitute an invalid delegation" because—despite its sweeping language—it "limited" the President to "only those passport refusal and restrictions * * * adopted by Congress." *Id.* at 18.

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia. Hogan Lovells refers to the international legal practice comprising Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells Worldwide Group (a Swiss Verein), and their affiliated businesses with offices in: Abu Dhabi Alicante Amsterdam Baltimore Beijing Berlin Boulder Brussels Caracas Chicago Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston London Los Angeles Madrid Miami Milan Moscow Munich New York Northern Virginia Paris Philadelphia Prague Rome San Francisco Shanghai Silicon Valley Singapore Tokyo Warsaw Washington DC Associated offices: Budapest Jeddah Riyadh Zagreb

Respectfully submitted,

/s/ Neal Kumar Katyal
Neal Kumar Katyal
*Counsel for Plaintiffs-Appellees*

cc: Counsel of Record (via CM/ECF)

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on May 19, 2017. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Neal Kumar Katyal
Neal Kumar Katyal